**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 21-86-DLB-CJS**

**CHRISTOPHER GUY ROGERS**                                      **PETITIONER**

**v.**          **ORDER ADOPTING REPORT AND RECOMMENDATION**

**COMMONWEALTH OF KENTUCKY**                            **RESPONDENT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Christopher Guy Rogers' *pro se* Petition for Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Doc. # 1). Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith for the purpose of reviewing the petition and preparing a Report and Recommendation. After reviewing the issues raised in the petition, Judge Smith issued a Report and Recommendation, wherein she recommended that the petition be denied. Rogers having filed Objections (Doc. # 18), this matter is ripe for review. For the reasons which follow, Rogers' Objections are **overruled**, and the Report and Recommendation is **adopted** as the opinion of the Court.

    **I.**     **FACTUAL BACKGROUND**

Rogers was convicted in Kentucky state court in September 2012 of one count of first-degree robbery, one count of first-degree possession of a controlled substance (cocaine), one count of possession of marijuana, and one count of second-degree fleeing or evading police. *See Commonwealth v. Rogers*, No. 08-CR-1453, Fayette Circuit Court,

1

Fayette County, Kentucky. *See also*, Doc. # 1.  He was sentenced on September 28, 2012, to a total of ten years incarceration. *Id.* Rogers did not file a direct appeal or seek post-conviction relief in state court.

More than eight years later, on March 25, 2021, Rogers filed the instant petition pursuant to 28 U.S.C. § 2254, claiming that: (1) newly discovered evidence establishes that the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) his trial counsel was ineffective for failing to raise said newly discovered evidence on his behalf; (3) his trial counsel was ineffective for failure to file an appeal or a "motion on newly discovered evidence in court"; and (4) his trial counsel was ineffective for failure to file a motion to suppress a witness identification statement. *Id.*

## II.     REPORT AND RECOMMENDATION

In her Report and Recommendation, Judge Smith found that Rogers' petition is barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  First, Judge Smith found that Rogers filed his Petition more than one year after his conviction became "final." She noted that under the Kentucky Rules of Criminal Procedure, an appeal must be filed within "thirty (30) days after the date of entry of the judgment or order from which it is taken." Ky. R. Crim. P. 12.04(3). Rogers did not file a direct appeal. As a result, his conviction became "final" upon the expiration of the 30-day period on October 28, 2012. Pursuant to § 2244(d)(1)(A), the one-year window in which to file a habeas corpus petition period began to run on October 29, 2012, and Rogers then had until October 29, 2013, to file a habeas corpus petition with this Court.   As his petition was not filed until March of 2021, Judge Smith found it to be untimely under § 2244(d)(1)(A).

Judge Smith also found the petition untimely pursuant to 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year statute of limitations clock begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* She specifically noted that Rogers did not set forth when or how he discovered any allegedly new or previously withheld evidence which forms the basis of his petition. Judge Smith found nothing in the record which established Rogers' diligence in this regard. As such, she concluded his petition to be untimely under 2244(d)(1)(D).

Judge Smith further found that equitable tolling is not applicable to this case. Finally, she recommended that a certificate of appealability not be issued, as reasonable reasonable jurists would not debate the dismissal of Rogers's § 2254 petition on timeliness grounds or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.   ANALYSIS

#### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); see

3

also 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations." Id. This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (*quoting VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (*quoting Smith v. Chater*, 121 F.3d 709, (6th Cir. 1997) (unpublished table decision)).

### B.  Petitioner's Objections [1]

In addition to reiterating the arguments set forth in his petition, in his objections, Rogers contends that his petition cannot be deemed untimely because the issue of timeliness was not raised as an affirmative defense. (Doc. # 18, p. 2).  He maintains that because Respondent did not raise the statute of limitations in a responsive pleading, the issue of timeliness was waived. *Id.* at 3.

---

[1]  As set forth in the Report and Recommendation, any objection thereto was to be filed on or before October 13, 2022 (Doc. # 13). On October 19, 2022, Rogers filed a Motion for Extension of time in which to file his objection (Doc. # 16).  The Court granted the motion and ordered that any objection be filed no later than November 10, 2022 (Doc. # 17). On October 31, 2022, Rogers filed his "Motion Objections to the Report and Recommendation" (Doc. # 18).

Rogers is incorrect. It is well established that a "district court [is] permitted, but not obliged to, consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Under *Day*, Judge Smith correctly addressed the timeliness of Rogers' petition and found it to be barred by the relevant period of limitations.

IV. **CONCLUSION**

Rogers has failed to raise any meritorious legal objections the Report and Recommendation. Accordingly,

**IT IS ORDERED** as follows:

(1)   The Report and Recommendation (Doc. # 13) is hereby **ADOPTED** as the opinion of the Court;

(2)   Rogers' Objections to the Report and Recommendation (Doc. # 18) are **OVERRULED;**

(3)   Rogers' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is **DISMISSED**;

(4)   For reasons set forth in the Report and Recommendation, the Court finds there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY** will be issued; and

(5)   The Court will enter a corresponding Judgment with this Order.

This 21st day of December 2022.



Signed By:
*David L. Bunning*
**United States District Judge**